# ORIGINAL

FILED

2013 NOV -6 AM 10: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

ERIC R. HAVIAN (SBN 102295)
  erh@pcsf.com
STEPHEN HASEGAWA (SBN 198472)
  ssh@pcsf.com
EDWARD H. ARENS (SBN 259155)
  eha@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

Attorneys for the Counties of San Bernardino
and Santa Clara; the Cities of Azusa, Colton,
Corona, Davis, Fontana, Indian Wells,
Livermore, Los Angeles, Santa Maria,
Shafter, and Woodland; San Joaquin County
Office of Education, Stanislaus County Office
of Education, Baldwin Park Unified School
District, Elk Grove Unified School District,
Merced Union High School District,
Monrovia Unified School District, Rowland
Unified School District, and Stockton Unified
School District; and for *Qui Tam* Plaintiff
David Sherwin

(ADDITIONAL APPEARANCES BELOW)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, *ex rel.* DAVID SHERWIN,<br><br>                    Plaintiffs,<br><br>         v.<br><br>OFFICE DEPOT, INC.,<br><br>                    Defendant. | Case No. 2:12-cv-09952-FMO(AJWx)<br><br>**NOTICE OF MOTION AND MOTION OF REAL PARTIES COUNTY OF SAN BERNARDINO AND CITY OF LIVERMORE FOR LEAVE TO INTERVENE PURSUANT TO CAL. GOV'T. CODE § 12652(f)(2)(A)**<br><br>Date: December 5. 2013<br>Time: 10:00<br>Courtroom: 22 – 5th Floor<br>Hon. Fernando M. Olguin<br><br>Discovery Cut-Off: January 24. 2013<br>Pretrial Conference: Sept. 5. 2014<br>Trial: Sept. 23. 2014 |

1   ROBERT J. NELSON (SBN 132797)
      rnelson@lchb.com
2   LEXI J. HAZAM (SBN 224457)
      lhazam@lchb.com
3   LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
4   275 Battery Street, 29th Floor
    San Francisco, CA 94111
5   Tel.:  (415) 956-1000
    Fax:  (415) 956-1008
6
    Attorneys for the Counties of San Bernardino
7   and Santa Clara; the Cities of Azusa, Colton,
    Indian Wells, Los Angeles and Santa Maria;
8   Baldwin Park Unified School District, San
    Joaquin County Office of Education,
9   Stanislaus County Office of Education,
    Merced Union High School District, and
10  Stockton Unified School District; and for *Qui
    Tam* Plaintiff David Sherwin
11
    MARK ALLEN KLEIMAN (SBN 115919)
12    mkleiman@quitam.org
    LAW OFFICES OF MARK KLEIMAN
13  2907 Stanford Avenue
    Venice, California 90292
14  Tel: (310) 306-8094
    Fax: (310) 306-8491
15
    ALTOMEASE R. KENNEDY (*Pro Hac
16  Vice*)
      akennedy@mcknightandkennedy.com
17  MCKNIGHT & KENNEDY LLC
    8601 Georgia Avenue, Suite 1010
18  Silver Spring, Maryland 20901
    Tel: (301) 565-5281
19  Fax: (301) 565-5285.
20  Attorneys for the County of San Bernardino;
    the Cities of Azusa, Colton, Corona, Davis,
21  Fontana, Indian Wells, Livermore, Los
    Angeles, Santa Maria, Shafter, and
22  Woodland; San Joaquin County Office of
    Education, Stanislaus County Office of
23  Education, Baldwin Park Unified School
    District, Elk Grove Unified School District,
24  Merced Union High School District,
    Monrovia Unified School District, Rowland
25  Unified School District, and Stockton Unified
    School District; and for *Qui Tam* Plaintiff
26  David Sherwin
27  JASON R. ALCALA (SBN 179319)
      Acting City Attorney
28    jralcala@ci.livermore.ca.us
    E. KEVIN YOUNG (SBN 179128)

{00053768; 1}          NOTICE OF MOTION FOR LEAVE TO INTERVENE

1   Assistant City Attorney
    keyoung@cityoflivermore.net
2   CITY OF LIVERMORE
    1052 S. Livermore Avenue
3   Livermore, California 94550
    Tel: (925) 960-4150
4   Fax: (925) 960-4180

5   Attorneys for the City of Livermore

6   Jean-Rene Basle (SBN 134107)
      County Counsel
7   Michelle D. Blakemore (SBN 110474)
      Chief Assistant County Counsel
8     mblakemore@cc.sbcounty.gov
    Kristina M. Robb (SBN 239353)
9     Deputy County Counsel
      KRobb@cc.sbcounty.gov
10  COUNTY OF SAN BERNARDINO
    385 North Arrowhead Avenue, 4th Floor
11  San Bernardino, CA 92415-0140
    Tel: (909) 387-5455
12  Fax: (909) 387-5462

13  Attorneys for the County of San Bernardino

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00053768; 1}   NOTICE OF MOTION FOR LEAVE TO INTERVENE

**NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at the date, time, and place noted above, non-party County of San Bernardino ("San Bernardino") and non-party City of Livermore ("Livermore") will and hereby do move the Court for leave to intervene in this case pursuant to California Government Code § 12652(f)(2)(A), and for leave to file a complaint-in-intervention within 15 days after entry of an order granting leave to intervene. This Motion is made pursuant to California Government Code § 12652(f)(2)(A). This Motion is based upon this Notice of Motion and Motion, the Memorandum in Support filed herewith, the Declaration of Stephen Hasegawa filed herewith, the papers and pleadings filed in this action, and such other matters of which the Court may take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 22, 2013. A transcript of the conference of counsel is attached to this Notice of Motion as Exhibit 1.

Dated: November 5, 2013

By: _____

ERIC R. HAVIAN (SBN 102295)
  erh@pcsf.com
STEPHEN HASEGAWA (SBN 198472)
  ssh@pcsf.com
EDWARD H. ARENS (SBN 259155)
  eha@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

Attorneys for the Counties of San Bernardino and Santa Clara; the Cities of Azusa, Colton, Corona, Davis, Fontana, Indian Wells, Livermore, Los Angeles, Santa Maria, Shafter, and Woodland; San Joaquin County Office of Education, Stanislaus County Office of Education, Baldwin Park Unified School

- 1 -

1      District, Elk Grove Unified School District,
     Merced Union High School District,
2      Monrovia Unified School District, Rowland
     Unified School District, and Stockton Unified
3      School District; and for *Qui Tam* Plaintiff
     David Sherwin

4

5      ROBERT J. NELSON (SBN 132797)
      rnelson@lchb.com
     LEXI J. HAZAM (SBN 224457)
6       lhazam@lchb.com
     LIEFF CABRASER HEIMANN &
7      BERNSTEIN, LLP
     275 Battery Street, 29th Floor
8      San Francisco, CA 94111
     Tel.: (415) 956-1000
9      Fax: (415) 956-1008

10      Attorneys for the Counties of San Bernardino
     and Santa Clara; the Cities of Azusa, Colton,
11      Indian Wells, Los Angeles and Santa Maria;
     Baldwin Park Unified School District, San
12      Joaquin County Office of Education,
     Stanislaus County Office of Education,
13      Merced Union High School District, and
     Stockton Unified School District; and for *Qui*
14      *Tam* Plaintiff David Sherwin

15      MARK ALLEN KLEIMAN (SBN 115919)
      mkleiman@quitam.org
16      LAW OFFICES OF MARK KLEIMAN
     2907 Stanford Avenue
17      Venice, California 90292
     Tel: (310) 306-8094
18      Fax: (310) 306-8491

19      ALTOMEASE R. KENNEDY (*Pro Hac*
     *Vice*)
20       akennedy@mcknightandkennedy.com
     MCKNIGHT & KENNEDY LLC
21      8601 Georgia Avenue, Suite 1010
     Silver Spring, Maryland 20901
22      Tel: (301) 565-5281
     Fax: (301) 565-5285.

23

24      Attorneys for the County of San Bernardino;
     the Cities of Azusa, Colton, Corona, Davis,
25      Fontana, Indian Wells, Livermore, Los
     Angeles, Santa Maria, Shafter, and
26      Woodland; San Joaquin County Office of
     Education, Stanislaus County Office of
27      Education, Baldwin Park Unified School
     District, Elk Grove Unified School District,
     Merced Union High School District,
28      Monrovia Unified School District, Rowland
     Unified School District, and Stockton Unified

- 2 -

1 School District; and for *Qui Tam* Plaintiff David Sherwin

2

3 JASON R. ALCALA (SBN 179319)
  Acting City Attorney
  jralcala@ci.livermore.ca.us
4 E. KEVIN YOUNG (SBN 179128)
  Assistant City Attorney
5  keyoung@cityoflivermore.net
 CITY OF LIVERMORE
6 1052 S. Livermore Avenue
 Livermore, California 94550
7 Tel: (925) 960-4150
 Fax: (925) 960-4180
8
 Attorneys for the City of Livermore
9
 Jean-Rene Basle (SBN 134107)
10  County Counsel
 Michelle D. Blakemore (SBN 110474)
11  Chief Assistant County Counsel
  mblakemore@cc.sbcounty.gov
12 Kristina M. Robb (SBN 239353)
  Deputy County Counsel
13  KRobb@cc.sbcounty.gov
 COUNTY OF SAN BERNARDINO
14 385 North Arrowhead Avenue, 4th Floor
 San Bernardino, CA 92415-0140
15 Tel: (909) 387-5455
 Fax: (909) 387-5462
16
 Attorneys for the County of San Bernardino
17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

CERTIFICATE OF SERVICE

1
2  I certify that on November 6, 2013, I caused to be served the foregoing document

3  entitled NOTICE OF MOTION AND MOTION OF REAL PARTIES COUNTY

4  OF SAN BERNARDINO AND CITY OF LIVERMORE FOR LEAVE TO

5  INTERVENE PURSUANT TO CAL. GOV'T. CODE § 12652(f)(2)(A)

6  electronically via email to counsel for Office Depot, pursuant to the agreement of

7  counsel for service by electronic means.

8
                         By: ___Christine Zengel___
9
                              Christine Zengel
10                            Phillips & Cohen LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00053768; 1}            NOTICE OF MOTION FOR LEAVE TO INTERVENE

**EXHIBIT 1**

Meet-and- Confer Conference
October 22, 2013

Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| STATE OF CALIFORNIA, et al., | ) | |
| ex rel. DAVID SHERWIN, | ) | No. 2:12-cv-09952-FMO-AJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICE DEPOT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |
| | ) | |

MEET-AND-CONFER CONFERENCE

AZUSA, CALIFORNIA

TUESDAY, OCTOBER 22, 2013

REPORTED BY:
BARBARA BROSNAN
CSR NO. 2202, RMR, CRR

Meet-and- Confer Conference
October 22, 2013

Page 2

```
 1                       *    *    *

 2

 3
       APPEARANCES OF COUNSEL:
 4

 5         FOR THE PLAINTIFFS:

 6             MARC A. PILOTIN, ESQ.
               Lieff Cabraser Heimann & Bernstein, LLP
 7             275 Battery Street, 29th Floor
               San Francisco, California  94111-3339
 8             (415) 956-1000

 9             - and -

10             STEPHEN S. HASEGAWA, ESQ.
               EDWARD H. ARENS, ESQ.
11             Phillips & Cohen LLP
               100 The Embarcadero, Suite 300
12             San Francisco, California  94105
               (415) 836-9000
13

14
       APPEARANCES OF COUNSEL (Continued):
15

16
           For the Defendant:
17
               WILLIAM P. ASHWORTH, ESQ.
18             CAROL JOAN PERRY, ESQ.
               WILLIAMS & CONNOLLY LLP
19             725 Twelfth Street N.W.
               Washington, D.C. 20005
20             (202) 434-5239

21

22

23

24

25
```

Page 3

1          AZUSA, CALIFORNIA; TUESDAY, OCTOBER 22, 2013

2                        2:26 P.M.

3                         -o0o-

4

5          MR. HASEGAWA:  Are we ready to go on the record?

6          We are here to meet and confer about a motion that

7    the city of Livermore and the County of San Bernardino want to

8    file.

9          Those two entities -- and I will just refer to them

10   as Livermore and San Bernardino -- they would like to make a

11   motion to intervene in the case.

12         The basis for the motion is California Government

13   Code Section 12652(f)(2)(A), which provides that the court

14   shall permit intervention if the interests of the government

15   entity is not being adequately represented by the qui tam

16   plaintiff.

17         And the basis for the motion is basically this.

18   The first thing is, it is probably necessary to have an

19   understanding of the legislative history of the adequate

20   representation provision.

21         That limitation on late intervention is solely for

22   the purpose of protection of qui tam relators.  It was put in

23   the statute, according to the legislative history, to protect

24   whistle blowers from having parts of their recovery stolen

25   basically by government entities who intervened late in the

Meet-and- Confer Conference
October 22, 2013

1   case and reduced their share from up to 50 percent to a

2   maximum of 33 percent.

3           And that is in the Center For Law in the Public

4   Interest legislative analysis that is reprinted in Boese,

5   which is the treatise that the defense side likes to use, at

6   Section J-12, 2000 version.

7           I think there are other versions that are

8   available.  You can get it from Cal Legislative Service, et

9   cetera.

10          In that it explains, just like I said, the purpose

11  of the requirement.  The adequate representation requirement

12  is to protect relators from the government intervening at the

13  last moment and thereby reducing the incentive for relators to

14  bring these cases.

15          The CLIPI analysis has been cited as authoritative

16  legislative history by a number of California courts.  It is

17  in the Contreras decision which is 182 Cal App 438, a 2010

18  case.

19          It is in the Harris decision, 39 Cal Fourth 1220,

20  2006, a Supreme Court case.

21          Altas Finance, 36 Cal Fourth 1284, a 2005 Supreme

22  Court case.

23          Armenta versus Mueller, what we refer to in our

24  office as the Burbank case, at 142 Cal App 4th 636, a 2006

25  Court of Appeal case.

1          And the Laraway case, 96 Cal App 4th 266, a 2002

2    Court of Appeal, California Court of Appeal case.  All of

3    those cite the CLIPI legislative analysis as the authoritative

4    legislative history for the California False Claims Act.

5          Basically our position is this:  The claims are

6    already being pursued on behalf of those two entities,

7    Livermore and San Bernardino.  Sherwin is currently

8    prosecuting those claims.  It would work no injustice, no

9    harm, impose no burden on defendants to allow those entities

10   to intervene and take over the claims that are already being

11   pursued on their behalf.

12         My understanding is that both entities have already

13   responded to discovery, third party discovery that's been

14   served.

15         If the court deems additional discovery

16   necessary -- interrogatories, things like that -- they would

17   be happy to participate in that kind of discovery.

18         They are entitled as government agencies to pursue

19   their claims as long as it doesn't prejudice the relator.  In

20   this case the relator does not object to their intervening in

21   the case.  And once the relator's interests have been

22   protected, there's no more need to restrict their ability to

23   intervene.

24         The other part of this -- and I guess there are two

25   other parts to this.  One part of this is that the adequate

Meet-and- Confer Conference
October 22, 2013

Page 6

1    representation component, if the relator can't adequately

2    represent their interests then the court is required to let

3    them intervene.

4            And there are a number of defenses that Office

5    Depot has asserted in this case.  There are a number of

6    arguments that are specific to David Sherwin, where a victory

7    against David Sherwin would deprive the government entities,

8    Livermore and San Bernardino, of their right to recover.

9            So we don't believe that Office Depot is correct

10   about those defenses and neither do San Bernardino and

11   Livermore.

12           But if Office Depot hypothetically were correct,

13   then that would per se establish inadequate representation by

14   Sherwin because it would mean that they are no longer capable

15   of recovering.

16           And so it would per se mean that the court shall

17   permit intervention if those were correct.  And so what you

18   have when you look at those two things together is there's no

19   harm to anybody if they are allowed to intervene and Office

20   Depot is wrong about its defenses.

21           But there is a requirement that they be allowed to

22   intervene if Office Depot is right about those defenses.  So

23   we think that this makes it pretty clear that they should be

24   allowed to intervene.

25           In addition, we think that intervention will have a

Meet-and- Confer Conference
October 22, 2013

Page 7

1  salutary effect on the litigation.  We think that it just

2  makes more sense to allow parties to be in the case as

3  parties.

4        The court will benefit and the fact finder will

5  benefit from active participation by these two entities, and

6  defendants will benefit to the extent that there is discovery

7  that can be taken directly as to them.

8        So that's our pitch.  I would be interested in

9  hearing what Office Depot has to say in response.

10       MR. ASHWORTH:  Sure.  The first thing I can say is

11  obviously we haven't had the chance to look at any of the

12  authority you cited and to respond to that, so I am not going

13  to be in a position today on the record to respond to that.

14       We do not agree that these entities should be

15  allowed to intervene at this late stage for several reasons.

16       First, we think the motion isn't timely.  The case

17  was filed 4-1/2 years ago and unsealed a year ago.  We are

18  just months from the close of fact discovery.

19       Under the court's prior scheduling order the

20  deadline for new parties to be added was June 25th, 2013.

21  That date passed before any extensions were granted, without

22  any proposal by plaintiffs to add new intervenors.

23       So we think that in and of itself means the motion

24  is not timely.

25       Second, as you recited under the California False

Page 8

1    Claims Act, the intervenors can only intervene at this late

2    stage if their interests are not being adequately represented

3    by Mr. Sherwin.

4            And, you know, the way you've interpreted that

5    provision in what you've just told me, that inadequate

6    representation means that the entity faces a chance of having

7    its claims dismissed if we prevail on our original source

8    arguments.

9            That means any other entity that is still out there

10   as a real party could intervene at any time.  I don't see any

11   limitation on it at this point.

12           We think any motion to intervene by these entities

13   would necessarily need to explain why the entities are not

14   being adequately represented by Mr. Sherwin or his counsel.

15           And it is possible, if not likely, that the

16   intervenors would need to have counsel separate from counsel

17   for Mr. Sherwin, and to identify something unique about them

18   as opposed to all the other real parties out there that might

19   be subject to the original source argument, that would explain

20   why Mr. Sherwin does not adequately represent their interests.

21           The final point we would make is that intervention

22   would not seem to be in the interests of these entities, and

23   that's for two reasons.  First, they don't -- as I understand

24   it, they don't stand to recover any more under the False

25   Claims Act by intervening now than if they allowed their

Meet-and- Confer Conference
October 22, 2013

Page 9

 1   interests to be represented by Mr. Sherwin.

 2          If you look at Section 12652(f)(2)(B) of the

 3   California Government Code, which qualifies the right to

 4   intervene after the case is begun, that notes that if the

 5   stated political subdivision is allowed to intervene under

 6   paragraph (A), the qui tam plaintiff shall retain principal

 7   responsibility for the action and the recovery of the parties

 8   shall be determined as if the state or political subdivision

 9   had elected not to proceed.

10          Second, in addition to the fact that these entities

11   would not gain any additional percentage recovery from

12   intervening at this stage, they would also subject themselves

13   to party discovery at their expense.

14          It is true that they have responded to third-party

15   discovery, but the scope of party discovery would be much

16   broader.  They would need to respond to document requests by

17   Office Depot.  They would need to put up representatives for

18   30(B)(6) depositions such as the one we just had today.

19          And again, I think it would increase their costs

20   for no additional recovery.  So it isn't clear to us why these

21   entities need to intervene at this late stage.

22          MR. HASEGAWA:  So let me cover a couple of things.

23          First of all, I'm sure that these entities

24   appreciate your solicitousness for their costs, but do you

25   have any authority for the suggestion that they are not

00/00/2013  12:19:27 FAX 21324 090   NATIONWIDE LEGAL   10

Meet-and-Confer Conference
October 22, 2013

Page 10

1  capable of determining whether it is in their best interests

2  or not in their best interests to intervene?

3          MR. ASHWORTH:  Well, no, I don't have authority

4  other than what I cited, which is that it will be more

5  expensive and they will not gain any more.

6          MR. HASEGAWA:  But it is up to them; is that right?

7  I mean it is up to them to decide whether it is in their

8  interests or not in their interests.  Wouldn't you agree with

9  that?

10          MR. ASHWORTH:  Yeah, I mean it depends on -- you

11  know, they could be being advised by people telling them it is

12  in their best interests.  But I agree, it is ultimately their

13  decision.

14          MR. HASEGAWA:  So that is not really a basis to say

15  they can't intervene.  You are just saying -- that is not a

16  basis to tell the court they should not be allowed to

17  intervene, is it?

18          MR. ASHWORTH:  Well, I think the other bases are I

19  think sort of the first arguments that we would make, which is

20  it is not timely and they can only intervene if Mr. Sherwin is

21  not adequately representing their interests.

22          And we don't believe, from what you have told me,

23  we have heard anything as to why they are so unique that

24  Mr. Sherwin can't adequately represent their interests.

25          MR. HASEGAWA:  What is your authority for the

Meet-and- Confer Conference
October 22, 2013

Page 11

1    proposition that the issues as to them have to be unique?

2                MR. ASHWORTH:   Well, I think -- look, as I said, if

3    it is simply -- I think the way you've interpreted the

4    statutory provision is to read the adequate representation

5    requirement almost entirely out of the statute.

6                I mean, there has to be some reason why they are

7    not being adequately represented other than they are subject

8    to defenses the defendant is asserting.

9                And again, I mean if you are asking me for

10   authority for that proposition -- you know, look, I haven't

11   had a chance to go back through all the cases and come up with

12   authority on this kind of notice.  But I mean we can certainly

13   look for some.

14               MR. HASEGAWA:   I mean we've done this before, and I

15   am not aware of any court ever saying that when the relator

16   agrees with the intervention, the relator does not oppose the

17   intervention, I am not aware of any court under the California

18   False Claims Act ever saying that it is going to prevent the

19   government entity from coming in and asserting on the

20   government's behalf the government's claims.

21               I think that there are institutional reasons why

22   once you've resolved the issues as between the relator and the

23   government, then there's no reason whatsoever to prevent the

24   government from doing that.

25               So I am just wondering whether you have any basis

Page 12

1   for saying that Office Depot gets to interfere with that

2   decision, once we have made sure that the relator's interests

3   are being adequately protected.

4           MR. ASHWORTH:  Well, I don't look at it as a matter

5   of Office Depot interfering with something.  I look at it as

6   Office Depot is prejudiced by entities seeking to intervene

7   very late in the game.

8           I mean, years after the case was filed, after the

9   deadline for parties being added has passed, and a couple

10  months before the close of discovery.

11          I mean, you know, are we going to have four more

12  intervenors next month and we are going to need to take their

13  depositions?  I mean the prejudice to Office Depot from this I

14  think is obvious.

15          MR. HASEGAWA:  Well, let me ask this.  It is Office

16  Depot's proposal that, intervention or no, that the County of

17  San Bernardino's claims are going to be resolved in this

18  particular, this trial that's set for 2014.  Correct?

19          I mean your argument is everybody's claims get

20  resolved in that one trial.  Right?

21          MR. ASHWORTH:  That's correct.

22          MR. HASEGAWA:  And so the claims -- under your

23  proposal the claims that are already existing need to be

24  litigated between now and the close of discovery or between

25  now and trial.  Correct?

Meet-and- Confer Conference
October 22, 2013

Page 13

 1          MR. ASHWORTH:  Well, let me ask you this --

 2          MR. HASEGAWA:  But I mean, that's Office Depot's

 3   proposal, right?

 4          MR. ASHWORTH:  Again --

 5          MR. HASEGAWA:  Is that Office Depot's proposal?

 6          MR. ASHWORTH:  I think you understand that we have

 7   a proposal that this case should proceed to trial like any

 8   other case.  And all the entities that are plaintiffs and real

 9   parties are going to have their claims tried in one trial.

10   And that's what we have proposed.

11          Now, are we anticipating that San Bernardino and

12   the City of Livermore are going to file complaints in

13   intervention?

14          MR. HASEGAWA:  Well, if they do it would be -- one

15   of two things would happen.  Either the claims would be

16   identical, meaning they would only assert the same claims that

17   David Sherwin is already asserting on their behalf, or if they

18   were to assert other common-law claims they would be in the

19   nature of lesser included offenses.

20          I realize that's a criminal concept, but every

21   element -- the proof of the False Claims Act claim would

22   necessarily include every element of the subsidiary claim.

23          It would probably be a contract claim if the

24   entities were going to assert these other claims.  But the

25   issues specific to a contract claim would already be litigated

Meet-and- Confer Conference
October 22, 2013

Page 14

1   in the context of the FCA claim, so it wouldn't be adding any

2   additional elements or any additional information.  It would

3   be the same minus the scienter element, for example.

4          MR. ASHWORTH:  It seems obvious, particularly if we

5   are envisioning that we are going to get amended complaints

6   with a few months left in discovery, it just seems obvious to

7   me how Office Depot is prejudiced by that, particularly when

8   the deadline for amendment and adding parties passed in June.

9          And so, you know, we just think the time for it was

10  passed, it has passed, and we are going to oppose any motion

11  that you make.

12         MR. HASEGAWA:  Well, I mean what if there weren't

13  additional claims being brought?  What if it was just a notice

14  of intervention that said that we now are assuming the claim

15  that has been to date prosecuted by David Sherwin.

16         MR. ASHWORTH:  Again, I think it would still

17  prejudice Office Depot because we'd need to have to try and

18  take discovery of these entities as parties, and it just

19  changes the scope of discovery, with only a few months left in

20  discovery.

21         So, you know, we are not going to agree to it.  I

22  think you can file your motion.

23         MR. HASEGAWA:  I mean if the claims are going to be

24  presented one way or another, why would you need to take

25  additional depositions or different depositions?

Meet-and- Confer Conference
October 22, 2013

Page 15

1      MR. ASHWORTH:  Well, I think for every one of the

2  intervenors we have noticed or we intend to notice, or we have

3  noticed 30(B)(6) depositions.  They are party plaintiffs in

4  the case and we are entitled to take depositions and take

5  additional discovery of party plaintiffs in the case beyond

6  what we would take of real parties.

7      I think in any case a defendant would do that.  And

8  we are clearly prejudiced by additional plaintiff parties

9  being added at this late stage.

10      MR. HASEGAWA:  And do you have a proposal for what

11  discovery you would take of them?  I mean if we were to say to

12  you, we will allow them to undergo -- you know, we will expand

13  whatever discovery limits are necessary to allow them to

14  undergo the same discovery that you've propounded to other

15  party plaintiffs, would that be sufficient to you?

16      MR. ASHWORTH:  Well, I mean clearly we are going to

17  need to propound that discovery on them.  We are going to need

18  to take their depositions.

19      But again, I don't think that there's a situation

20  where we are going to agree to intervention at this stage.

21      MR. HASEGAWA:  Okay.  And I have to ask again, do

22  you have any authority for the proposition that the adequate

23  representation requirement was intended to protect defendants

24  in cases like this, in order to give you a greater control

25  over who intervenes and who doesn't intervene?

Meet-and- Confer Conference
October 22, 2013

Page 16

1       MR. ASHWORTH:  Well, I don't think we need

2  authority to the effect that the adequate representation

3  provision is designed to protect defendants.

4       I think it is designed to protect the entities who

5  are seeking to intervene, and not the qui tam plaintiff.

6       From the plain language it seems to contemplate a

7  situation where if the entity feels there is a problem with

8  the qui tam plaintiff, the qui tam plaintiff and its counsel

9  are not adequately representing the entity, then there is a

10  reservation of rights for the entity to intervene.

11       It doesn't seem like this is that kind of

12  situation.  It doesn't seem like it falls within the statute.

13       In terms of specific authority, as I said, I am

14  hearing these authorities from you for the first time today so

15  I have not had the chance, Office Depot has not had the chance

16  to research that and respond to it.

17       But I think we will do so in opposition to your

18  motion.

19       MR. HASEGAWA:  Okay.

20       MR. ASHWORTH:  Just to be clear, you are

21  contemplating that counsel for existing -- for Mr. Sherwin

22  will represent these intervenors?

23       MR. HASEGAWA:  Yes, I am.

24       MR. ASHWORTH:  Okay.  All right.  I think we've

25  discussed it.

Meet-and- Confer Conference
October 22, 2013

Page 17

 1            MR. HASEGAWA:   Okay.

 2            (Adjournment taken at 2:45 p.m.)

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Meet-and- Confer Conference
October 22, 2013

Page 18

1  STATE OF CALIFORNIA    )
                         ) ss.
2  COUNTY OF LOS ANGELES )

3

4

5      I, BARBARA BROSNAN, CSR NO. 2202, Certified Court

6  Reporter of the State of California, certify:

7      That the foregoing transcript of proceedings was

8  taken before me on October 22, 2013, at the time and place

9  therein set forth, and was taken down by me in shorthand and

10  thereafter transcribed into typewriting under my direction and

11  supervision;

12      That the testimony of any witnesses and all

13  objections and colloquy at the time of the proceedings were

14  recorded stenographically by me;

15      That the foregoing transcript is a true record of

16  the testimony and all objections made at the time of the

17  hearing.

18      I hereby certify that I am not interested in the

19  event of the action.

20      IN WITNESS WHEREOF, I have subscribed my name this

21  28th day of October, 2013.

22

23                    _____
                      Barbara Brosnan,
                      Deposition Officer,
24                    State of California

25