```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
                      CIVIL MINUTES--GENERAL
```

Case No. CV 12-9952-FMO (AJWx)          Date: December 9, 2013

Title: STATE OF CALIFORNIA, et al. v. OFFICE DEPOT, INC.
================================================================
PRESENT:    **HON. ANDREW J. WISTRICH, MAGISTRATE JUDGE**

      Ysela Benavides
      Deputy Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
    None Present                              None Present

**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

With respect to this motion, only two issues remain unresolved: (1) must David Sherwin produce his educational, military, and personnel records?, and (2) must the intervenors[1] produce their office supply contracts with entities other than defendant? [Transcript of Hearing ("Tr.") 6].

Insofar as Sherwin's private information is concerned, the motion is **granted** in part and **denied** in part. As to educational records, Sherwin must produce post-high school transcripts and records reflecting honors awarded and degrees conferred. Sherwin need not produce term papers, test results, or the like.  As to military or personnel records, Sherwin must produce records reflecting employers, job titles, rank, awards, medals, reprimands, commendations, reasons for termination or separation, and the like. Sherwin need not produce salary information, benefits information, medical records[2], or the like. Given the centrality of Sherwin's credibility and the extent to which it already has been called into question by his own misstatements, it is essential that defendant receives access to the basic facts about Sherwin's education and career. Even assuming that the appropriate standard is "compelling need," considering all the circumstances, defendant has satisfied it. Sherwin, of course, may designate such documents as "confidential" under the protective order, if appropriate.

Insofar as the intervenors' office supply contracts with entities other than defendant are concerned, the motion is **granted**. Whatever the elements of a claim for violation of the California False Claims Act, Cal. Gov't Code §§ 12650 et seq. may be, it is clear that a claim for fraud under California law (whether based on

---

[1] Sherwin is suing on behalf of about 2,000 real parties in interest.  The intervenors are a small subset of that group who have elected to prosecute their claims themselves. [Tr. 17].

[2] Defendant is not seeking Sherwin's medical records. [Tr. 16].

misrepresentation or false promise) does require that the plaintiff plead and prove that it "reasonably relied" on the defendant's misrepresentation or false promise.  <u>See</u>, <u>e.g.</u>, CACI Nos. 1900, 1902; <u>see also</u> CACI Nos. 1907, 1908.  In addition, in Count III (which contains the intervenors' fraud claim) the Complaint in Intervention expressly alleges that the intervenors "justifiably relied on these misrepresentations and omissions" by defendant. [Complaint in Intervention para. 119].  The intervenors' office supply contracts with entities other than defendant may shed light on whether the intervenors relied on defendant's alleged misrepresentations or false promises.  Therefore, those contracts are relevant to a claim or defense alleged in the pleadings, and it has not been demonstrated that the burden of producing them outweighs the likely benefit of doing so. [<u>See</u> <u>generally</u> Tr. 25].

Compliance within 21 days is required.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN

2