**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
**CIVIL MINUTES--GENERAL**

Case No. CV 12-9952-FMO (AJWx)          Date: December 23, 2013

Title: <u>STATE OF CALIFORNIA, et al. v. OFFICE DEPOT, INC.</u>
===============================================================
PRESENT:   **HON.  <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

          <u>      Ysela Benavides      </u>          <u>                          </u>
                Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
          None Present                                None Present

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

During the hearing on this motion, plaintiffs simplified the
court's task by organizing the disputed issues into a few general
categories, an approach in which defendant acquiesced.  This ruling
is organized in the same manner.

Plaintiffs identified two general objections interposed by
defendant in response to plaintiffs' requests for production: (1)
temporal scope (defendant's objection to plaintiffs' requests for
documents that postdate January 1, 2011 and relate either to
defendant's compliance with the best pricing provisions or to
Sherwin's credibility; and (2) geographic scope (defendant's
objection to producing documents concerning non-California
customers). [Tr. 52-58].

As to defendant's objection to the geographic scope of plaintiffs'
requests for production, the parties agreed upon a resolution that
was placed on the record during the hearing. [Tr. 85-86; <u>see</u> <u>also</u>
Tr. 81-84].

As to defendant's objection to the temporal scope of plaintiffs'
requests for production, the motion is **denied**.  Sherwin left
defendant's employ on April 11, 2008, and the latter of the two
relevant contracts expired on January 1, 2011.  Although it is
possible that some documents created after January 1, 2011 may
contain relevant information, it is also likely that they would be
cumulative. Thus, based on the present record, the burden of
producing them appears to outweigh the benefit of doing so,
notwithstanding the potentially large sum at issue in this case.
<u>See</u> Fed. R. Civ. P. 26(a)(2)(C)(iii). This is especially clear, of
course, as to documents concerning Sherwin.  The court does not
intend, however, to foreclose the possibility of expanding the
temporal scope of production in some circumstances, such as if a
readily identifiable subset of post January 1, 2011 documents can

be shown to likely exist and to be especially relevant.[1]  That possibility, however, should be discussed among the parties before being addressed by the court.

Plaintiffs also identified four categories of interrogatories or requests for production about which the parties disagree: (1) requests for production concerning defendant's contracts with San Francisco and Berkeley; (2) an interrogatory and requests for production concerning defendant's statements in Form 8-Ks and 10-Qs about the 2011 RFP; (3) interrogatories asking defendant to identify particular provisions of the San Francisco contract; and (4) an interrogatory asking defendant to identify employees who made representations. [Tr. 88-93].

As to category (1), the motion is **granted**.  Defendant has already agreed to produce some documents responsive to these requests. [See J.S. 59; Tr. 96].  Defendant's suggestion that plaintiffs should begin with those documents is not implausible, but plaintiffs' argument for a more expansive production right away is more persuasive.  Although plaintiffs' interpretation of the best pricing provisions seems questionable, it cannot definitively be ruled out on the present record.  This means that the responsive documents are relevant, and defendant has not shown that producing them would be unduly burdensome.  See Fed. R. Civ. P. 26(b)(1)&(b)(2)(C)(iii).  Moreover, as defendant concedes, discoverability is broader than admissibility [Tr. 132-133], so even if some of the responsive documents are settlement agreements or reflect settlement negotiations, that does not mean that Fed. R. Evid. 408 forbids their production.  Further, in the court's view, requiring a heightened showing for production of materials that may be settlement-related does not make practical sense where, as here, the characterization of the documents as "settlement-related" is contested, and where it is a realistic possibility that such documents, even if settlement-related, could be used in ways permitted by Fed. R. Evid. 408. The question whether the documents resolving the dispute between defendant and San Francisco should be treated as settlement agreements or as reflecting prices actually charged to San Francisco is best resolved when all parties have access to the responsive documents.

As to category (2), the motion is **granted** in part.  In response to interrogatory 4, defendant must state whether it was the best pricing provisions of the 2011 RFP that it referred to as "problematic" or "onerous".  If so, then defendant must produce the documents responsive to requests for production 25-27 that reflect its concerns regarding the best pricing provisions contained in the 2011 RFP.  Defendant need not, however, produce documents regarding concerns it may have had about other provisions contained in the

---

[1] Documents relating to a post January 1, 2011 audit by a particular municipality might be one example. [See Tr. 58, 77].

2011 RFP.

As to category (3), the motion is **granted**. The responsive information is relevant, and the burden of responding to interrogatories 8 and 9 seems slight.

As to category (4), the motion is **denied.**  This category concerns interrogatory 5**.** Defendant already has agreed to produce documents reflecting written representations. [Tr. 143].  That should suffice. Insofar as oral representations are concerned, plaintiffs' suggestion that an email be sent to defendant's existing sales force inquiring about oral representations made at some point during a period of approximately fifteen years seems like a futile exercise in view of likely sales force turnover, faded memories, etc. Accordingly, even though the burden of sending such an email might not be large, it outweighs the likely benefit of doing so since the latter is likely to be nil.  <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(iii).

As to interrogatory 10 and request for production 9, the motion was withdrawn. [Tr. 86-87].

Compliance within 28 days is required.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN

3