UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA et al., ex rel. DAVID SHERWIN,<br><br>  Plaintiffs,<br><br>  v.<br><br>OFFICE DEPOT, INC.,<br><br>  Defendant. | Case No. CV 12-9952 FMO (AJWx)<br><br>**ORDER Re: MOTION OF REAL PARTIES COUNTY OF SAN BERNARDINO AND CITY OF LIVERMORE FOR LEAVE TO INTERVENE** |

Having reviewed and considered all the briefing filed with respect to the Motion of Real Parties County of San Bernardino and City of Livermore for Leave to Intervene Pursuant to Cal. Gov't. Code § 12652(f)(2)(A) ("Motion"), and concluding that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), the court concludes as follows.

## INTRODUCTION

Qui Tam plaintiff David Sherwin ("relator") filed this action under seal in state court on March 20, 2009, against defendant Office Depot, Inc. ("defendant") pursuant to the California False Claims Act ("CFCA"), Cal. Gov. Code § 12650 et seq.[1] (See Notice of Removal at ¶ 1).

---

[1] Unless otherwise indicated, all section references are to the California Government Code.

Relator's First Amended Complaint ("FAC"), filed on January 20, 2012, was served on defendant on October 26, 2012, after the FAC was unsealed. (Id. at ¶¶ 1-2). Defendant then removed the action to this court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Relator brings this action on behalf of "real parties in interest [] the State of California and all other political subdivisions within the [state] . . . that purchased goods and services from [defendant] pursuant to [defendant's] contract with" the U.S. Communities Government Purchasing Alliance. (FAC at ¶ 12). According to relator, the real parties in interest consist of "thousands" of governmental bodies. (See Joint Rule 26(f) Report at 7). Nineteen governmental entities timely exercised their right under the CFCA to intervene in the action and assume control over their claims, and 18 of the intervenors filed complaints-in-intervention asserting CFCA and common law claims. (See id. at 6).

Pursuant to their Motion, filed on November 6, 2013, the County of San Bernardino and the City of Livermore (collectively, "real parties") seek to intervene in the instant action. Defendant filed an Opposition to Motion of Real Parties County of San Bernardino and City of Livermore for Leave to Intervene ("Opposition") on November 14, 2013, and real parties filed a Reply on November 21, 2013.

## DISCUSSION

Real parties argue that they are entitled to intervene as a matter of right under § 12652(f)(2)(A) of the CFCA because relator consents, and defendants will not be prejudiced by, their intervention. (See Motion at 7-9). For the reasons discussed below, real parties' arguments are without merit.

I. THE CALIFORNIA FALSE CLAIMS ACT.

The CFCA authorizes private individuals to bring civil qui tam actions on behalf of the government against any person who knowingly submits a false claim, as defined in Cal. Gov't. Code § 12650, to the state government or any of its political subdivisions. See Cal. Gov't. Code § 12652(c). The qui tam action must be filed under seal, and may not be served on the defendant until it is unsealed. See id. at § 12652(c)(2). While the complaint remains under seal, the governmental entity in whose name the action is brought must evaluate the claims and decide

whether to intervene in the action to assume control over its claims. See id. at § 12652(c)(7). If the governmental entity elects not to intervene, it must so notify the court, "in which case the seal [is then] lifted and the qui tam plaintiff [has] the right to" prosecute the claims on the real party's behalf. See id. at § 12652(c)(7)(D)(ii), (f)(1).

The CFCA provides for limited circumstances in which a real party in interest may intervene after a case has been unsealed:

> Upon timely application, the court shall permit the state or political subdivision to intervene in an action with which it had initially declined to proceed if the interest of the state or political subdivision in recovery of the property or funds involved is not being adequately represented by the qui tam plaintiff.

Cal. Govt. Code § 12652(f)(2)(A).

## II.   THE MOTION IS UNTIMELY.

The CFCA requires that a party seeking intervention after it had initially declined to intervene must file a "timely application" to do so. Cal. Gov't Code § 12652(f)(2)(A). It is undisputed that real parties failed to intervene before the FAC was unsealed, and "accordingly, to date, [relator] has prosecuted San Bernardino and Livermore's claims on their behalf." (Motion at 3). Although this case was filed in March 2009, it remained sealed until October 16, 2012, providing real parties well over three years to evaluate relator's allegations and determine whether to intervene in the action. (See id. & Opposition at 1). Even after their initial time to intervene lapsed, real parties had yet another opportunity to seek intervention after the court entered a Scheduling Order on April 22, 2013, allowing for the amendment of parties until June 25, 2013. (See Court's Order of April 22, 2013, at 16) ("Any . . . motion to amend as to any . . . parties shall be . . . filed no later than June 25, 2013, failing which it shall be deemed that party's waiver of any such amendments in this action."). Real parties failed to intervene during the time allowed by the Court's Order of April 22, 2013, thus waiving their right to do so.

Real parties suggest, although do not explicitly contend, that they were unable to seek intervention prior to the June 25, 2013, deadline because the "Scheduling Order was not served

on them" since they "were not intervening parties to the action." (Motion at 4). However, as defendant points out, (see Opposition at 6), the CFCA expressly entitles non-intervening real parties to "be served with copies of all pleadings filed in the action" if they so choose. See Cal. Gov't Code § 12652(f)(1). Real parties do not respond, (see, generally, Reply), to defendant's argument that real parties did in fact have the opportunity to intervene within the time frame set by the court, but forewent that opportunity to their own detriment. (See Opposition at 5). Further, with respect to the City of Livermore, it has been represented for almost four years by the same counsel representing relator and the intervening parties, (see Opposition at 5-6), and thus there is no dispute that the City of Livermore had notice of the June 25, 2013, deadline. In short, real parties had the right, ability, and the corresponding obligation to keep apprised of the deadlines that could affect their rights in this litigation; they cannot now complain that they were ignorant of the court's scheduling order because they failed to exercise their rights. Real parties simply cannot establish good cause for their delay of nearly eight months after the court issued its scheduling order to seek intervention. Accordingly, the motion is untimely and fails on that ground alone.

III. REAL PARTIES FAIL TO SHOW THAT THEY ARE NOT ADEQUATELY REPRESENTED BY RELATOR.

Even assuming, arguendo, that real parties' Motion was timely, the Motion would nevertheless fail because real parties cannot show that relator is inadequately representing their claims, as required by § 12652(f)(2)(A). Real parties nowhere argue that their claims are not adequately represented by relator. (See, generally, Motion & Reply). Rather, they contend that relator may prove to be an inadequate representative if the court ultimately grants defendant's pending motion to dismiss the FAC on the ground that relator is barred from pursuing this action. (See Motion at 4 & 9) ("If . . . [defendant] succeeds in its current litigation strategy to remove [relator] from the case, then intervention is required under . . . the CFCA.").

The CFCA states that "the court shall permit [intervention] . . . if the interest of the . . . political subdivision . . . is not being adequately represented by the qui tam plaintiff." Cal. Gov't Code § 12652(f)(2)(A) (emphasis added). The plain language clearly provides that the inadequate

representation by relator must be the present condition, and not merely a hypothetical or even probable future outcome, as real parties contend.

Nevertheless, real parties argue that the court should allow them to intervene because allowing real parties in interest to pursue their own claims achieves the policy objectives of the statute. (See Motion at 5-8; Reply 1-7). Real parties skirt around the statute's plain language and reach into the CFCA's legislative history to argue that they have "'a <u>right</u> to intervene' that should be enforced unless it would prejudice the interests of the qui tam plaintiff." (Motion at 7; Declaration of Stephen Hasegawa in Support of Motion of Real Parties County of San Bernardino and City of Livermore for Leave to Intervene Pursuant to Cal. Gov't. Code § 12652(f)(2)(A), Exh. 4 (John T. Boese, <u>Civil False Claims and Qui Tam Actions</u> (4th ed. 2011), Appendix 1.2, "A Section-by-Section Analysis of the California False Claims Act")). They contend that there is nothing showing that "the California legislature intended the late-intervention provisions to [be frustrated] if the qui tam plaintiff consents to it or if there is a chance that [he] will be unable to represent the government's interest adequately." (Motion at 7). Real parties assert that, here, "the qui tam plaintiff consents to . . . intervention[,]" (<u>id.</u> at 2 & 8), and also that defendant would suffer no prejudice from their intervention. (<u>Id.</u> at 8-9). Real parties' contentions are unpersuasive.

In examining the CFCA, the court "may look to such aids as the legislative history" only "if the language allows more than one reasonable construction[.]" <u>Wells v. One2One Learning Found.</u>, 39 Cal.4th 1164, 1190 (2006) (examining both the statutory language and legislative history of the CFCA to determine whether school districts are "persons" who may be sued under the statute). The court always begins its analysis "with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs." (<u>Id.</u>). Here, there is nothing ambiguous about the CFCA's language providing that a real party in interest must be allowed to intervene "if [its] interest . . . is not being adequately represented by the qui tam plaintiff." Cal. Gov't Code § 12652(f)(2)(A).

5

Real parties also contend that the CFCA must be "given the broadest possible construction consistent with" its objective of "prevent[ing] fraud on the public treasury." (Reply at 2 (quoting City of Pomona v. Super. Ct., 89 Cal.App.4th 793, 801 (2001)). Again, however, because the terms of § 12652(f)(2) are unambiguous on their face, there is no statutory construction for the court to engage in. See In re Marriage of Dupre, 127 Cal.App.4th 1517, 1525-26 (2005) ("If there is no ambiguity about the meaning of the language, we must apply the provision according to its terms without further judicial construction."). It is a basic principle of statutory construction that "[i]f the language of the statute is not ambiguous, the plain meaning controls[.]" California Sch. Employees Ass'n v. Governing Bd. of S. Orange Cnty. Cmty. Coll. Dist., 124 Cal.App.4th 574, 583 (2004). Therefore, contrary to real parties' contentions, the court may not go beyond the plain meaning and "consider the consequences of [their proposed] interpretation, including its impact on public policy." Wells, 39 Cal.4th at 1190. Here, the plain language of § 12652(f)(2)(A) unequivocally mandates that a court allow intervention only where the real party in interest currently "is not being adequately represented" by a relator.[2] Cal. Gov't Code § 12652(f)(2)(A). Indeed, real parties do not even contend that they qualify for intervention under that limited circumstance. (See, generally, Motion & Reply).

Real parties argue that they are in a "catch-22" situation, asserting that defendant's contention that they "could have attempted to intervene sooner," but also that the Motion is premature until relator is dismissed, means that "a real party can never invoke the CFCA's late-intervention provisions until its claims have already been irrevocably prejudiced." (Reply at 3). It is true that real parties could have attempted to intervene sooner, but they chose not to. It is

---

[2] Real parties assert that "[t]he CFCA's 'adequate representation' late-intervention provision was one of the few instances in which the California legislature departed from the model created by the federal False Claims Act[, which] provides for late intervention upon a showing of 'good cause.'" (Motion at 7 n. 2 (citing 31 U.S.C. § 3730(c)(3)). The court agrees that "[t]he CFCA's more specific language and explicit legislative history make clear that the California legislature intended to clarify both the circumstances in which late intervention is appropriate and the interests that provision was intended to protect." (Id.). While "good cause" is a broader, undefined standard that grants courts discretion in ruling on a motion to intervene, the "inadequate representation" standard narrowly defines the particular circumstance under which post-unsealing intervention is allowed. The state legislature's rejection of the broader federal standard in favor of a narrow one further undercuts real parties' position.

1  also true that real parties could have argued, but did not, that relator is not adequately
2  representing their claims. Rather, real parties argue only that defendant seeks dismissal of relator
3  on the grounds that he is barred from bringing this suit, and that they "disagree with [defendant's]
4  contentions concerning [relator]." (Motion at 1). According to real parties, then, relator is
5  adequately representing their claims, undermining any merit to their Motion.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT the Motion of Real Parties County of San Bernardino and City of Livermore for Leave to Intervene Pursuant to Cal. Gov't. Code § 12652(f)(2)(A) **(Document No. 184)** is **denied**.

Dated this 30th day of December, 2013.

/s/
Fernando M. Olguin
United States District Judge