ERIC R. HAVIAN (SBN 102295)
  erh@pcsf.com
STEPHEN HASEGAWA (SBN 198472)
  ssh@pcsf.com
EDWARD H. ARENS (SBN 259155)
  eha@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California  94105
Tel: (415) 836-9000
Fax: (415) 836-9001

Attorneys for Plaintiffs

(ADDITIONAL APPEARANCES BELOW)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al., ex rel.* DAVID SHERWIN,<br><br>                    Plaintiffs,<br><br>        v.<br><br>OFFICE DEPOT, INC.,<br><br>                    Defendant. | Case No. 2:12-cv-09952-FMO(AJWx)<br>Hon. Fernando M. Olguin<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOC. 162)**<br><br>DISCOVERY MATTER<br><br>Date:        Jan. 13, 2014<br>Time:        10:00 a.m.<br>Courtroom: 690<br>Hon. Andrew J. Wistrich<br><br>Discovery Cut-Off:  Jan. 24, 2013<br>Pretrial Conference:  Sept. 5, 2014<br>Trial:  Sept. 23, 2014 |

1   ROBERT J. NELSON (SBN 132797)
    rnelson@lchb.com
2   LEXI J. HAZAM (SBN 224457)
    lhazam@lchb.com
3   LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
4   275 Battery Street, 29th Floor
    San Francisco, CA 94111
5   Tel.: (415) 956-1000
    Fax: (415) 956-1008
6
7   Attorneys for the County of Santa Clara; the
    Cities of Azusa, Colton, Indian Wells, Los
8   Angeles, and Santa Maria; San Joaquin
    County Office of Education, Stanislaus
9   County Office of Education, Merced Union
    High School District, and Stockton Unified
10  School District; and for *Qui Tam* Plaintiff
    David Sherwin

11  MARK ALLEN KLEIMAN (SBN 115919)
      mkleiman@quitam.org
12  LAW OFFICES OF MARK KLEIMAN
    2907 Stanford Avenue
13  Venice, California 90292
    Tel: (310) 306-8094
14  Fax: (310) 306-8491

15  ALTOMEASE R. KENNEDY (*Pro Hac
    Vice*)
16    akennedy@mcknightandkennedy.com
    MCKNIGHT & KENNEDY LLC
17  8601 Georgia Avenue, Suite 1010
    Silver Spring, Maryland 20901
18  Tel: (301) 565-5281
    Fax: (301) 565-5285.
19
20  Attorneys for Cities of Azusa, Colton,
    Corona, Davis, Fontana, Indian Wells, Los
21  Angeles, Santa Maria, Shafter, and
    Woodland; San Joaquin County Office of
22  Education, Stanislaus County Office of
    Education, Baldwin Park Unified School
23  District, Elk Grove Unified School District,
    Merced Union High School District,
24  Monrovia Unified School District, Rowland
    Unified School District, and Stockton Unified
25  School District; and for *Qui Tam* Plaintiff
    David Sherwin

26  CHESLEY D. QUAIDE (SBN 136238)
    cquaide@aalrr.com
27  ATKINSON, ANDELSON, LOYA, RUUD
    & ROMO, P.C.
28  5075 Hopyard Road, Suite 210
    Pleasanton, California 94588

{00055244; 1}   PLAINTIFFS' SUPPLEMENTAL BRIEF RE MOTION TO COMPEL

Tel: (925) 227-9200
Fax: (925) 227-9202

Attorneys for San Joaquin County Office of
Education, Stanislaus County Office of
Education, Stockton Unified School District,
and Merced Union High School District

GIL TRUJILLO (SBN 146686)
  City Attorney
WENDY STOCKTON (SBN 110017)
wstockton@ci.santa-maria.ca.us
Senior Assistant City Attorney/Utilities
Counsel
City of Santa Maria
204 East Cook Street
Santa Maria, California 93454
Tel: (805) 925-0951 Ext. 310
Fax: (805) 349-0657

Attorneys for City of Santa Maria

G. ROSS TRINDLE, III (SBN 228654)
  Ross.Trindle@bbklaw.com
RICHARD T. EGGER (SBN 162581)
  Richard.Egger@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, CA 90071
Tel: (213) 617-8100
Fax: (213) 617-7480

Attorneys for Cities of Azusa, Colton, Davis,
Fontana, Indian Wells, Shafter, and
Woodland; and Elk Grove Unified School
District

JOHN D. HIGGINBOTHAM
  john.higginbotham@ci.corona.ca.us
DEAN DERLETH
  dean.derleth@ci.corona.ca.us
CITY ATTORNEY'S OFFICE
CITY OF CORONA
400 South Vicentia Avenue
Corona, CA 92882
Tel: (951) 279-3505
Fax: (951) 736-2493

Attorneys for City of Corona

DANA J. MCCUNE (SBN 82525)
dmccune@mccuneharber.com
MCCUNE & HARBER LLP
515 South Figueroa Street, Suite 1150

- iii -

1   Los Angeles, CA 90071
Tel: (213) 689-2500
2   Fax: (213) 689-2501

3   Attorneys for Baldwin Park Unified School
District, Monrovia Unified School District,
4   and Rowland Unified School District

5   CARMEN A. TRUTANICH (SBN 86629)
City Attorney
6   GARY G. GEUSS (SBN 128022)
Chief Assistant City Attorney
7   LAURIE RITTENBERG (SBN 106683)
Managing Assistant City Attorney
8   laurie.rittenberg@lacity.org
Los Angeles City Attorney's Office
9   200 North Main Street, 9th Floor
City Hall East, Room 916
10  Los Angeles, CA 90012
Tel: (213) 473-6848
11  Fax: (213) 473-6818

12  Attorneys for the City of Los Angeles

13  ORRY P. KORB (SBN 114399)
DANNY CHOU (SBN 180240)
14  Danny.Chou@cco.sccgov.org
GRETA S. HANSEN (SBN 251471)
15  Greta.Hansen@cco.sccgov.org
KAVITA NARAYAN (SBN 264191)
16  Kavita.Narayan@cco.sccgov.org
Office of the County Counsel
17  County of Santa Clara
70 West Hedding Street, 9th Floor
18  San Jose, California 95110
Tel: (408) 299-5930
19  Fax: (408) 292-7240

20  Attorneys for the County of Santa Clara

21

22

23

24

25

26

27

28

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

For the reasons set forth in Plaintiffs' portions of the Joint Stipulation (Doc. 162-1) and below, Plaintiffs' Motion to Compel should be granted.

## I.   DOCUMENTS SHOWING ODI'S INTERPRETATION OF THE BEST-PRICE PROVISIONS (REQUESTS 69-70, 73-79)

ODI's statements in opposition to Plaintiffs' motion to compel show exactly why ODI <u>must</u> provide the discovery Plaintiffs seek. The parties have a clear dispute of material fact concerning the meaning of the best-price provisions. Plaintiffs contend that those provisions represent a promise from ODI that its U.S. Communities customers ("Participating Public Agencies," or "PPAs") would receive the lowest pricing that ODI gave to state or local governments nationwide. ODI, by contrast, contends that the "Most Favored Public Entity" ("MFPE") clause is for the benefit of Los Angeles County only (and no other PPAs), and that ODI's Pricing Commitment applies only if a U.S. Communities PPA is "otherwise eligible" for the lower pricing provided in another ODI government contract. Each side has cited some evidence in support of its position.[1]

For the purpose of this motion, Plaintiffs need not prove that their interpretation is correct or that ODI's position is incorrect. It is sufficient that the evidence described in and appended to the Joint Stipulation reflects a disputed issue of fact. A factual dispute requires evidence, and evidence requires discovery.[2] And

---

[1] *See, e.g.*, Hasegawa Decl. Exs. 6-8, Doc. 162-3 at 55, 59, 64 (ODI admissions that the U.S. Communities contracts contained "most favorable public sector pricing" or "most favorable government pricing," and that "our commitment to U.S. Communities prohibits Office Depot from providing a lower overall stockless pricing program to any public agency with the exception of the federal government"); Hasegawa Decl. Ex. 13, Doc. 162-3 at 83 (showing that U.S. Communities and ODI both agreed that the U.S. Communities contract "extends lead agency contract rights"—including "general terms and conditions," such as the MFPE Clause—"to each PPA").

[2] ODI disagrees, contending that the Court should deny discovery because ODI's evidence—after-the-fact testimony disproven by the primary evidence Plaintiffs cited—is "preclusive." Doc. 162-1 at 25-26. But no authority supports the proposition that the existence of some evidence in a party's favor precludes that party's adversary from gathering contradictory evidence.

1  the documents that Plaintiffs seek are unquestionably relevant to resolve this factual

2  dispute.

3       First, documents concerning the termination of ODI's pre-2007 contract with

4  the County of Santa Clara (Requests 69-70) are highly relevant to show how ODI

5  interpreted its best-price obligations before ODI's lawyers began formulating their

6  litigation position.  Uncontroverted testimony now establishes that ODI told Santa

7  Clara that ODI "was getting some flack from U.S. Communities" because the Santa

8  Clara County pricing violated "the most favorable clause" in the U.S. Communities

9  agreement, and that, as a result, ODI was "not interest in continuing … our stand-

10 alone agreement."  Supp. Hasegawa Decl., Ex. 29.  ODI's documents concerning the

11 termination of that contract will corroborate that testimony, will establish what

12 ODI's statements meant, and will illustrate how ODI actually understood and

13 interpreted its best-price obligations.[3]

14       Second, and similarly, documents comparing pricing under the Santa Clara

15 contract with pricing under the U.S. Communities contract (Request 73) will

16 illustrate how ODI actually interpreted its best-price obligations.  It appears that

17 ODI has withdrawn its objections to this Request, since it now promises to produce

18 all "pricing comparisons insofar as they relate to California customers," including

19 Santa Clara County.[4]  Doc. 193-1 at 32:2-7.  Because ODI no longer appears to

20 oppose the Motion as to Request 73, the Court should grant it.

21 _____

22    [3] ODI claims that Requests 69-70 are simply "pretext" for discovering new
   claims.  This argument is incorrect for the reasons set forth in Doc. 193-1 at 9:17-
23 12:8.  But even if, contrary to law, Plaintiffs were barred from recovering for best-
   price fraud in connection with the lower prices in the Santa Clara contract, Plaintiffs
24 would still be entitled to this discovery.  ODI has not provided any valid reasons
   why Plaintiffs should be precluded from obtaining discovery that Plaintiffs have
25 demonstrated (through testimony and documents) will illustrate how ODI and U.S.
   Communities actually understood and applied the Pricing Commitment long before
26 Sherwin's allegations came to light.
27    [4] This promise is broader than the one set forth in ODI's opposition to this
   motion, which stated only that ODI would produce comparisons that concluded that
28 Santa Clara received lower pricing than U.S. Communities customers. Doc. 162-1 at
   36.

{00055244; 1}       PLAINTIFFS' SUPPLEMENTAL BRIEF RE MOTION TO COMPEL

Third, documents relating to other instances in which parties raised concerns that ODI was accused of violating its best-price obligations, and ODI's responses to those concerns (Requests 74-79), are among the best evidence of how ODI actually understood and applied those obligations.  ODI's only response to this clear showing of relevance is that it has already agreed to produce documents that "discuss Office Depot's interpretation of the purported 'best pricing' provisions." Doc. 162-1 at 42:11-13.  That carefully-worded assertion fails to acknowledge the many relevant documents that ODI intends to withhold.  The full context of the disputes identified in the Requests is relevant.  Even if the documents do not explicitly "discuss Office Depot's interpretation," they may show that U.S. Communities offered an interpretation of the best-price obligations and asserted that ODI was in breach of those obligations, and that, in response, ODI took corrective measures.  For example, evidence produced by a third party shows that ODI and U.S. Communities understood that ODI's pricing under a contract with Clark County, Nevada was "not consistent with the U.S. Communities Pricing Commitment"— information that is relevant because it contradicts ODI's current contentions concerning its understanding of that Pricing Commitment.  Hasegawa Decl., Ex. 14.  But when ODI produced the same document, it redacted all information concerning Clark County, in an effort to avoid providing proof that ODI's assertions about how it understood the Pricing Commitment in 2004 are false. Supp. Hasegawa Decl., Ex. 30.  This demonstrates just how cleverly restrictive ODI's promise of production is:  ODI is willing to produce documents that explicitly "discuss" ODI's interpretation of the Pricing Commitment, but seeks to withhold documents that prove what that interpretation was without "discussing" it. The Court should not permit such gamesmanship.

The discovery also is not burdensome.  Plaintiffs' document requests are not "fishing expeditions" seeking production of broad categories of documents.  They focus on specific documents and specific instances that, as Plaintiffs have

demonstrated, are directly relevant to resolve factual disputes between the parties. Beyond a conclusory and unsupported reference to burden in response to Requests 69-70, ODI has not even asserted, in the Joint Stipulation, that production would be unduly burdensome.  Because the documents are relevant and ODI has made no effort to show burden, the Court should grant the Motion as to Requests 69-70 and 73-79.

## II.   PUBLIC RECORDS ACT AND FOIA RESPONSES (REQUEST 68)

ODI's argument that the documents that Plaintiffs seek are outside the scope of "relevance," as that term is defined in Rule 26(b)(1), is frivolous.  The request explicitly seeks only information that ODI obtained through PRA/FOIA requests that relate to David Sherwin, to Sherwin's allegations, or to the U.S. Communities contracts.  ODI's efforts to discredit Sherwin are central to its defenses in this case, Sherwin's allegations (*i.e.*, the allegations asserted in this lawsuit) are by definition relevant, and the U.S. Communities contracts are the contracts at issue in this lawsuit.  The documents sought, which clearly relate to the claims and defenses in this case, are squarely within the scope of permissible discovery.  Fed. R. Civ. Proc. 26(b)(1).

ODI's only remaining argument in opposition to discovery is burden.  But it has done nothing to establish that production of the requested documents would be unduly burdensome.  ODI has not submitted any estimates of the time or effort necessary to search for and produce responsive documents, or what search it believes would be reasonable.  It simply asserts that it should not be required to make <u>any</u> effort whatsoever to search for responsive documents.  And ODI does not even explain why it should not be required to produce responses to PRA/FOIA requests of which its attorneys are already aware.  Because it is the responsibility of the party resisting discovery to establish undue burden, and because ODI has made no effort to do so, its burden objection should be overruled.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be granted.

Dated:  December 30, 2013

By:  _____/s/ Stephen Hasegawa_

ERIC R. HAVIAN (SBN 102295)
  erh@pcsf.com
STEPHEN HASEGAWA (SBN 198472)
  ssh@pcsf.com
EDWARD H. ARENS (SBN 259155)
  eha@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California  94105
Tel: (415) 836-9000
Fax: (415) 836-9001

Attorneys for the County of Santa Clara; the Cities of Azusa, Colton, Corona, Davis, Fontana, Indian Wells, Los Angeles, Santa Maria, Shafter, and Woodland; San Joaquin County Office of Education, Stanislaus County Office of Education, Baldwin Park Unified School District, Elk Grove Unified School District, Merced Union High School District, Monrovia Unified School District, Rowland Unified School District, and Stockton Unified School District; and for *Qui Tam* Plaintiff David Sherwin

ROBERT J. NELSON (SBN 132797)
rnelson@lchb.com
LEXI J. HAZAM (SBN 224457)
lhazam@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: (415) 956-1000
Fax: (415) 956-1008

Attorneys for the County of Santa Clara; the Cities of Azusa, Colton, Indian Wells, Los Angeles, and Santa Maria; San Joaquin County Office of Education, Stanislaus County Office of Education, Merced Union High School District, and Stockton Unified School District; and for *Qui Tam* Plaintiff David Sherwin

- 5 -