

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STATE OF CALIFORNIA et al., ex rel.
DAVID SHERWIN,

                    Plaintiffs,

          v.

OFFICE DEPOT, INC.,

                    Defendant.

Case No. CV 12-9952 FMO (AJWx)

**ORDER REMANDING ACTION**

Pursuant to the Supreme Court's recent decision in Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736 (2014), and the court's duty to sua sponte establish subject matter jurisdiction over this action, see United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004), the court concludes as follows.

## INTRODUCTION

On March 20, 2009, qui tam plaintiff David Sherwin ("relator") filed a complaint against Office Depot, Inc. ("defendant"), pursuant to the California False Claims Act ("CFCA"), codified at California Government Code § 12650, et seq. (See Notice of Removal ("NOR"), Declaration of Francis J. Burke, Jr. in Support of Defendant Office Depot, Inc.'s Notice of Removal ("Burke Decl.") at Exh. 2A ("Complaint")). On January 20, 2012, relator filed a First Amended Complaint ("FAC") on behalf of the State of California and "all political subdivisions" within the state "that purchased goods and services from [defendant] pursuant to . . . [a] contract with the U.S. Communities Government Purchasing Alliance." (FAC at ¶ 1). The FAC identifies at least 100

such political subdivisions as real parties in interest in this case.  (Id. at ¶ 12).  Relator seeks to recover damages and civil penalties from defendant based on alleged false claims, records, and statements defendant presented, or caused to be presented, to the purchasing governmental entities ("real parties in interest").  (See id. at ¶¶ 104-07).

Nineteen political subdivisions ("intervenors") intervened in the action to "assume control over their claims, and eighteen [of them] filed [separate] complaints-in-intervention asserting CFCA and common law claims."  (See Joint Rule 26(f) Report at 6).[1]  "The claims of the California governments that have not intervened in the case . . . are represented . . . by [relator] Sherwin."  (Id.).

Defendant removed the action from the Los Angeles County Superior Court on November 20, 2012, pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").  (See NOR at ¶ 7).  Defendant asserts that the case qualifies as a removable "mass action" under CAFA because it is an action "'in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact,' and where the aggregate amount in controversy exceeds $5,000,000 and at least one plaintiff's individual claim exceeds $75,000."[2]  (Id. at ¶¶ 9-10 (citing § 1332(d)(11)(B)(i)).  In the alternative, defendant's NOR invokes diversity jurisdiction pursuant to 28 U.S.C. 1332(a).  (See NOR at § II).

---

[1]  The intervening plaintiffs are:  the Cities of Azusa, Colton, Corona, Davis, Fontana, Indian Wells, Los Angeles, Santa Maria, Shafter, and Woodland; the County of Santa Clara; Baldwin Park Unified School District; Elk Grove Unified School District; Merced Union High School District; Monrovia Unified School District; Rowland Unified School District; San Joaquin County Office of Education; Stanislaus County Office of Education; and the Stockton Unified School District.  All except the Elk Grove Unified School District filed complaints-in-intervention.  (See, generally, Document Nos. 29, 31-36, & 48).

[2]  Defendant's mass action jurisdictional statement is incorrect insofar as it asserts that only one plaintiff is required to claim at least $75,000 in dispute.  Rather, in a mass action, "jurisdiction shall exist only over those plaintiffs whose claims satisfy the jurisdictional amount requirements under subsection (a)[,]" 28 U.S.C. § 1332(d)(11)(B)(I), which in turn requires that each plaintiff allege at least $75,000 in dispute.  Id. at § 1332(a).  Accordingly, "federal jurisdiction in a mass action, unlike a class action, shall exist only over those plaintiffs whose claims individually satisfy the $75,000 amount in controversy requirement."  Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736, 740 (2014) (emphasis added).

**STANDARD OF REVIEW**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court.  See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]").  "The burden of establishing federal jurisdiction is upon the party seeking removal[.]"  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Any doubts are resolved in favor of remand.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03 (1978).  A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010).  To qualify as a removable mass action under CAFA, a case must meet the following five requirements:  (1) the amount in controversy exceeds $5 million in the aggregate; (2) there is minimal diversity, meaning that at least one plaintiff is diverse from one defendant; (3) the action must involve claims for monetary relief of 100 or more plaintiffs; (4) plaintiffs' claims are proposed

to be tried jointly; and (5) each plaintiff must claim at least $75,000 in dispute.  See 28 U.S.C. § 1332(d)(2) & (d)(11)(B)(i); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 689 (9th Cir. 2006).  "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  Abrego Abrego, 443 F.3d at 685.

## DISCUSSION

The court has an independent duty to police its own subject-matter jurisdiction, United Investors Life Ins. Co., 360 F.3d at 967 ("the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"), and accordingly, on April 22, 2013, the court ordered the parties to "show cause, in writing, establishing the basis for this court's subject matter jurisdiction."  (See Court's Order of April 22, 2013 at 3). On July 15, 2013, the court issued a second order to show cause based on a number of seeming jurisdictional deficiencies identified by the court.  (See, generally, Court's Order of July 15, 2013). The court ordered the parties to file additional responses specifically addressing, among other things, (1) whether "the local governmental entities designated [in the FAC] as 'real parties in interest' . . . constitute 'plaintiffs' within the meaning of the mass action provision of the . . . CAFA to establish grounds for removal[,]" and (2) "[w]hether and how the Supreme Court's grant of certiorari in Mississippi ex rel. Hood v. AU Optronics, Corp., 701 F.3d 796 (5th Cir. 2012), affects this court's subject matter jurisdiction."  (See Court's Order of July 15, 2013, at 1).  Relator, intervenors, and defendant filed responses to both orders to show cause ("OSC").  (See Intervenor-Plaintiffs' Response to Order to Show Cause ("Intervenor-Pls' Resp. to April 22, 2013 OSC"); Qui Tam Plaintiff David Sherwin's Response to Order to Show Cause ("Relator's Resp. to April 22, 2013 OSC"); Defendant Office Depot's Response to Order to Show Cause ("Def's Resp. to April 22, 2013 OSC"); Defendant Office Depot's Response to July 15, 2013 Order to Show Cause ("Deft's Resp. to July 15, 2013 OSC"); and Plaintiffs' Response to Order to Show Cause (Pls' Resp. to July 15, 2013 OSC")).

On January 14, 2014, the Supreme Court issued the Hood decision.  Given the Hood decision and the parties' extensive briefing in response the Court's April 22, 2013, and July 15,

1   2013, Orders to Show Cause, the court sees no need to request additional briefing on the

2   jurisdictional issues in this case.

3   I.    CAFA Mass Action Jurisdiction.

4          The CAFA defines a "mass action [to] mean[] any civil action . . . in which monetary relief

5   claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs'

6   claims involve common questions of law or fact[.]"  28 U.S.C. § 1332(d)(11)(B)(i).   In their

7   responses to the court's orders to show cause, the parties uniformly contended that this action

8   meets the 100 plaintiffs requirement because there are over 100 real parties in interest at issue

9   in this suit.  (See Relator's Resp. to April 22, 2013 OSC at 3-4; Intervenor-Pls' Resp. to April 22,

10  2013 OSC at 1 (concurring with relator's response); Def's Resp. to April 22, 2013 OSC at 2-3; Pls'

11  Resp. to July 15, 2013 OSC at 1-3; & Def't's Resp. to July 15, 2013 OSC at 2-4).   In support of

12  their position, the parties cited to Nevada v. Bank of Am. Corp., 672 F.3d 661, 669 (9th Cir. 2012),

13  which held that "the characterization of [a] case as a 'mass action' . . . turns on whether the

14  [plaintiff] or the hundred-plus [entities or persons] on whose behalf it seeks restitution are the real

15  party(ies) in interest[,] [which] . . . affects . . . CAFA's numerosity requirement[.]"   (See id.).

16  According to the parties, because the FAC identifies at least 100 parties in interest, Nevada

17  purportedly requires that this case be recognized as a proper CAFA mass action.  (See id.).

18         The parties also concurred in their contention that the "Supreme Court's grant of certiorari

19  in Mississippi ex rel. Hood does not affect [this] court's subject matter jurisdiction."  (Def't's Resp.

20  to July 15, 2013 OSC at 10; Pls' Resp. to July 15, 2013 OSC at 7).   In that case, the State of

21  Mississippi sought certiorari following the Fifth Circuit's decision, asking the high court to resolve,

22  among other things, "whether a state's parens patriae action is removable as a 'mass action' under

23  the Class Action Fairness Act when the state is the sole plaintiff[.]"  Mississippi ex rel. Hood, 2013

24  WL 683383, *i (U.S. Feb. 19, 2013) (Petition for Writ of Certiorari).   The parties argued in their

25  OSC responses that the Supreme Court's grant of certiorari on May 28, 2013, id., 133 S. Ct. 2736

26  (2013), would have no effect on this action because, (1) "[t]his is not a parens patriae action, and

27  the action asserts no sovereign interest separate from the claims for relief on behalf of the

28  individual government purchasers[,]" and (2) "the circuit split that the Supreme Court will resolve

1  in Hood [regarding which test applies in determining who the real parties in interest are] is not

2  relevant . . . [because] [u]nder either test[,] the real parties in this action are the government

3  entities on whose behalf Sherwin sues[.]" (See Pls' Resp. to July 15, 2013 OSC at 8-9; see also

4  Deft's Resp. to July 15, 2013 OSC at 6-10).  The court vacated the orders to show cause on

5  November 5, 2013, without a written opinion on the merits.

6        On January 14, 2014, the Supreme Court issued its opinion on Mississippi ex rel. Hood,

7  ruling that "CAFA's plain text [provides that] a 'mass action' must involve monetary claims brought

8  by 100 or more persons who propose to try those claims jointly as named plaintiffs[,]" and because

9  there, "the State of Mississippi is the only named plaintiff[,] the case must be remanded to state

10  court." Mississippi ex rel. Hood, 134 S.Ct. at 739 (emphasis added).  The Court unequivocally

11  held that the mass action "provision [does not] include[] suits brought by fewer than 100 named

12  plaintiffs on the theory that there may be 100 or more unnamed persons who are real parties in

13  interest as beneficiaries to any of the plaintiffs' claims." Id. at 742; see also id. at 746 ("Congress

14  repeatedly used the word 'plaintiffs' to describe the 100 or more persons whose claims must be

15  proposed for a joint trial.  That word refers to actual, named parties – a concept inherently at odds

16  with the background inquiry into unnamed real parties in interest, who by definition are never

17  plaintiffs.").  Accordingly, the parties' positions stated in their OSC responses are barred by the

18  Supreme Court's decision, (see Pls' Resp. to July 15, 2013 OSC at 1-3 ("It is clear . . . that there

19  is no requirement that there be more than 100 party-plaintiffs [,] as opposed to real parties[.]");

20  Deft's Resp. to July 15, 2013 OSC at 4 ("[A] single plaintiff suffices to satisfy CAFA when that

21  plaintiff presents monetary claims on behalf of 100 or more persons."), and rather than have "no

22  effect," the Court's decision mandates remand if the action does not comply with its instruction.

23

24        In sum, the Supreme Court's recent decision in Mississippi ex rel. Hood prohibits the court

25  from exercising subject matter jurisdiction over this action if there do not exist at least 100 named

26  plaintiffs.  See Mississippi ex rel. Hood, 134 S.Ct. at 742 & 746.  The FAC names as plaintiffs only

27  the State of California and relator Sherwin, and there are only nineteen intervenors, which together

28  fall far short of meeting the 100 named plaintiffs requirement.  (See, generally, court's docket).

1   Therefore, pursuant to Mississippi ex rel. Hood, this case does not qualify as a CAFA mass action

2   granting this court subject matter jurisdiction.

3   II.    Diversity Jurisdiction.

4          Defendant also asserted in its NOR that this action is completely diverse as defined by 28

5   U.S.C. § 1332(a), because relator was "fraudulently joined," and his shared Florida citizenship

6   must be disregarded for the purpose of determining diversity jurisdiction.  (See NOR at § II; FAC

7   at ¶¶ 11 & 13; Relator's Resp. to April 22, 2013 OSC at 7).   As explained below, defendant's

8   reliance on the fraudulent joinder doctrine is untenable.

9          Complete diversity of citizenship under 28 U.S.C. § 1332(a) qualifies only when each of the

10  plaintiffs is a citizen of a different state than each of the defendants.  "Nevertheless, one exception

11  to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently

12  joined.'"  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  The Ninth Circuit

13  has explained that "fraudulent joinder" is "a term of art" that refers to the "[j]oinder of a non-diverse

14  defendant" despite the "obvious" failure to state a claim against that non-diverse defendant

15  according to settled state law.  Id.  A court may ignore a "fraudulently joined" non-diverse

16  defendant in evaluating diversity jurisdiction.  Id.  The Ninth Circuit has consistently defined the

17  doctrine to apply only to the fraudulent joinder of defendants.  See id.; United Computer Sys., Inc.

18  v. AT&T Corp., 298 F.3d 756, 761-62 (9th Cir. 2002).  Defendant fails to cite to any binding legal

19  authority applying the doctrine to plaintiffs, and instead cites only to one unbinding Ninth Circuit

20  decision and one district court decision within this Circuit that have done so.  (See, generally,

21  NOR; Def's Resp. to April 22, 2013 OSC; &  Deft's Resp. to July 15, 2013 OSC); see California

22  Dump Truck Owners Ass'n v. Cummins Engine Co., Inc., 24 F.App'x 727, 729 (9th Cir. 2001)

23  (unpublished, non-citable decision "assum[ing], without deciding, that this circuit would accept the

24  doctrines of fraudulent . . . joinder as applied to plaintiffs."); Tahoe Keys Marina & Yacht Club, LLC

25  v. Merkelback, 2013 WL 221510, *1 (E.D. Cal. 2013) (applying fraudulent joinder to plaintiff without

26  examining whether doctrine is limited to defendants).

27         Even if the doctrine reached the fraudulent joinder of plaintiffs, defendant cannot  meet the

28  high burden the doctrine imposes on a removing party.  A party asserting fraudulent joinder must

1   show that "the plaintiff fail[ed] to state a cause of action against [the non-diverse] defendant, and

2   [that] the failure is obvious according to the settled rules of the state." Ritchie v. Upjohn Drug Co.,

3   139 F.3d 1313, 1318 (9th Cir.), cert. denied, 525 U.S. 963 (1998). "This requires the court to find

4   that there is absolutely no possibility that the plaintiff will be able to establish a cause of action

5   against the non-diverse defendant in state court." Longmire v. HMS Host USA, Inc., 2012 WL

6   5928485, *4 (S.D. Cal. 2012) (internal quotation marks and citation omitted). Indeed, the infirmity

7   of the claim must be "undisputably clear" and "obvious," and "an inability to make the requisite

8   decision in a summary manner itself points to an inability of [the party asserting fraudulent joinder]

9   to carry its burden." Meythaler v. Wal-Mart Stores Inc., 2012 WL 1884855, *2 (C.D. Cal. 2012)

10  (internal quotation marks and citation omitted). "[T]he federal court's analysis must be limited to

11  determining whether Plaintiffs have even an arguable claim[, and] any ambiguity or doubt about

12  the substantive state law favors remand to state court[.]" Tahoe Keys Marina & Yacht Club, LLC,

13  2013 WL 221510 at *1 (internal quotation marks and citation omitted).

14          Defendant's "fraudulent joinder" argument is premised on its contention that Sherwin is not

15  a proper relator because his claims are barred by the CFCA's public disclosure bar. (NOR at ¶¶

16  40-66). The court's ruling on April 9, 2013, denying defendant's Motion to Dismiss David

17  Sherwin's Corrected First Amended Complaint Pursuant to Rule 12(b)(1) ("Motion") conclusively

18  resolves this question. In that motion, defendant made the same argument in its attempt to

19  dismiss this action, as the argument that forms the basis of its "fraudulent joinder" to establish

20  jurisdiction – that relator's claims are barred by the CFCA's public disclosure provisions. (See

21  Motion at 16-22). In denying the motion, the court held that, "given the number of documents

22  defendant seeks to have considered in connection with its motions (see, e.g., Declaration of Juli

23  Ann Lund in Support of 12(b)(1) Motion, Exhs. 1-66), the court is persuaded that such documents

24  and the arguments raised in the pending motions should be considered in the context of a motion

25  for summary judgment." (Court's Order of April 9, 2013 at 2). In so holding, the court implicitly

26  ruled that "the requisite decision [cannot be made] in a summary manner[, which] itself points to

27  [defendant's] inability . . . to carry its burden" of proving fraudulent joinder. See Meythaler, 2012

28  WL 1884855 at *2. Defendant simply did not establish that it is "obvious" and "undisputably clear"

1  that, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved

2  in the plaintiffs' favor, the plaintiff <u>could not possibly recover</u> [against defendant]."   <u>Carter v.</u>

3  <u>Nationwide Ins.</u>, 2012 WL 4473084, *4 (C.D. Cal. 2012) (emphasis in original).  Rather, a ruling

4  on whether plaintiff was fraudulently joined, as raised by defendant, can be determined only after

5  making factual findings and determining the legal issues on the merits pursuant to a summary

6  judgment motion. (<u>See</u> Court's Order of April 9, 2013 at 2).  Accordingly, defendant cannot meet

7  its burden on the question of fraudulent joinder.  <u>See</u> <u>Tahoe Keys Marina & Yacht Club, LLC</u>, 2013

8  WL 221510 at *1 (any ambiguity or doubt about plaintiffs' ability to state a claim under substantive

9  state law favors remand to state court.).

10      Based on the foregoing, the court determines that it lacks subject matter jurisdiction and

11  must <u>sua</u> <u>sponte</u> remand the action.  <u>See</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

12  time that it lacks subject matter jurisdiction, the court must dismiss the action."); <u>see</u> <u>also</u>

13  <u>Scholastic Entm't., Inc. v. Fox Entmt. Group, Inc.</u>, 336 F.3d 982, 989 (9th Cir. 2003).

14      **This Order is not intended for publication.  Nor is it intended to be included in or**

15  **submitted to any online service such as Westlaw or Lexis.**

16                                   <u>**CONCLUSION**</u>

17      Based on the foregoing, IT IS ORDERED that:

18      1.  The above-captioned action shall be **remanded** to the Superior Court of the State of

19  California for the County of Los Angeles, 111 N. Hill Street, California 90012, for lack of subject

20  matter jurisdiction, pursuant to 28 U.S.C. § 1447(c).

21      2.  The Clerk shall send a certified copy of this Order to the state court..

22  Dated this 29th day of January, 2014.

23

24                                  _____
                                             /s/
                                     Fernando M. Olguin
25                                   United States District Judge

26

27

28